

| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | ROBYN N. PULLIO<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel.: (212) 788-1090<br>Fax: (212) 788-9776<br>Email: rpullio@law.nyc.gov |

October 17, 2007

BY HAND
Honorable Gerard E. Lynch
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**SO ORDERED**
GERARD E. LYNCH, U.S.D.J.

Re: Camillo Douglas and Luis Soriano v. The City of New York, et al. 07 CV 8443 (GEL)

Dear Judge Lynch:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendants the City of New York; Martin F. Horn, Commissioner of the New York City Department of Correction; and Gregory McLaughlin, Prison Warden of the Robert N. Davoren Center. I am writing with the consent of plaintiffs' counsel, Julia P. Kuan, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from October 22, 2007, to December 21, 2007, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, inter alia, that plaintiffs Camillo Douglas and Luis Soriano were subjected to deliberate indifference to their safety. In addition to the City of New York, Commissioner Horn and Warden McLaughlin, the complaint also purports to name Correction Officer Mascia as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

    Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York

---

[1] Although this office does not currently represent correction officer Mascia, and assuming he is properly served, this office also respectfully requests this extension on his behalf in order to prevent his defenses from being jeopardized while representational issues are being resolved.

1

General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until December 21, 2007.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      Julia P. Kuan, Esq.
      Romano & Kuan, PLLC
      Attorney for Plaintiff
      100 Lafayette Street, Suite 401
      New York, New York 10013
      Fax: (212) 274-9790

2