UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CAMILLO DOUGLAS and LUIS SORIANO,

                              Plaintiff,              **ANSWER TO COMPLAINT**

                 -against-                             JURY TRIAL DEMANDED

CITY OF NEW YORK, THE NEW YORK CITY       07 CV 8443 (GEL)
DEPARTMENT OF CORRECTIONS; GREGORY
MCLAUGHLIN, as Prison Warden of the Robert N.
Davoren Center, MARTIN F. HORN, as
Commissioner of the New York City Department of
Corrections; CORRECTION OFFICER MASCIA
(#17786), JOHN DOE CORRECTION OFFICER,

                             Defendants.
------------------------------------------------------------------X

        Defendants the City of New York; Martin F. Horn, Commissioner of the New York City Department of Correction; Gregory McLaughlin, Prison Warden of the Robert N. Davoren Center; and Correction Officer Joseph Mascia, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiffs purport to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint.

        4. Deny the allegations set forth in paragraph "4" of the complaint.

        5. Deny the allegations set forth in paragraph "5" of the complaint.

        6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the plaintiffs purport to bring this action and invoke this Court's jurisdiction as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the plaintiffs purport to invoke this Court's jurisdiction as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the plaintiffs purport that venue is proper as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint, except admit that plaintiff Douglas was incarcerated at R.N.D.C. at Riker's Island on April 16, 2007.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint, except admit that plaintiff Douglas was incarcerated at R.N.D.C. at Riker's Island on April 16, 2007.

11. Deny the allegations contained in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a department of corrections which performs tasks including, but not limited to, incarcerating pre-trail detainees and holding inmates awaiting transfer to New York State correctional facilities.

12. Paragraph "12" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required.

13. Paragraph "13" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required, except admit that plaintiffs purport to name Mr. Horn in his official capacity.

14. Paragraph "14" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required, except admit that plaintiffs purport to name Mr. McLaughlin in his official capacity.

15. Deny the allegations contained in paragraph "15" of the complaint, except admit that Correction Officer Mascia (#17786) is employed by the City of New York as a correction officer and was assigned to the 4 Upper South "C" post at the Robert N. Davoren Center of the Rikers Island jail facility on April 16, 2007, and that plaintiff purports to sue C.O. Mascia in his individual capacity.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

17. Deny the allegations contained in paragraph "17" of the complaint, except the allegation set forth in paragraph "17" of the complaint concerning whether defendant Officer Mascia was acting under color of state law constitutes a conclusion of law rather than an averment of fact, and, accordingly, no response is required.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that the New York City Office of the Comptroller received what purport to be notices of claim from plaintiff Douglas on or about April 30, 2007, and from plaintiff Soriano on or about May 30, 2007, and that no settlements have been reached.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the complaint, except admit that plaintiff Douglas was an inmate at the Robert N. Davoren Center on Rikers Island on April 16, 2007.

26. Admit the truth of the allegations set forth in paragraph "26" of the complaint.

27. Admit the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that on January 25, 2007, the Appellate Division, First Department reversed plaintiff Soriano's conviction and remanded the matter for a new trial, and that plaintiff Soriano was an inmate at the Robert N. Davoren Center on Rikers Island on April 16, 2007.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the complaint, except admit that plaintiff Soriano was sentenced to a term of three to six years on Bronx County, N.Y., Supreme Court indictment number 65/01.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiffs Douglas and Soriano were inmates at the Robert N. Davoren Center on Rikers Island on April 16, 2007.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the complaint, except admit that there were approximately three porters in 4 Upper South at the Robert N. Davoren Center on Rikers Island during evening lock-in.

33. Deny the allegations set forth in paragraph "33" of the complaint with respect to Officer Mascia, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the complaint regarding the "John Doe Correction Officer".

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff Douglas was struck by other inmates with broken broom handles in the Dayroom. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the complaint regarding plaintiff Douglas's alleged injuries.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the complaint, except admit that plaintiff Soriano was present in the Dayroom.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that plaintiff Soriano was struck by other inmates with broken broom handles in the Dayroom. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the complaint regarding plaintiff Soriano's alleged injuries.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that a Probe Team arrived, applied flex cuffs to inmates involved in the incident and escorted said inmates out of the area.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint and all subparts thereof.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Paragraph "56" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Paragraph "60" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint, except admit that the plaintiffs purport to invoke this Court's jurisdiction as stated therein.

65. Deny the allegations set forth in paragraph "65" of the complaint, except admit that the plaintiffs purport to demand a trial by jury as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

66. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

67. Defendants City of New York, Martin F. Horn, Gregory McLaughlin and Joseph Mascia have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

68. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or that of third parties and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

69. At all times relevant to the acts alleged in the complaint, Defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

70. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. Plaintiffs' claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69. Plaintiffs have not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

71. The individual defendants, Martin F. Horn, Gregory McLaughlin and Joseph Mascia, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

72. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

73. Commissioner Martin F. Horn had no personal involvement in the underlying incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

74. Prison Warden Gregory McLaughlin had no personal involvement in the underlying incident.

**WHEREFORE,** defendants City of New York, Martin F. Horn, Gregory McLaughlin and Joseph Mascia request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         December 21, 2007

                                MICHAEL A. CARDOZO
                                  Corporation Counsel of
                                  the City of New York
                                Attorney for defendants
                                  City of New York,
                                  Commissioner Martin F. Horn,
                                  Prison Warden Gregory McLaughlin,
                                  And Correction Officer Joseph Mascia
                                100 Church Street
                                New York, New York 10007
                                (212) 788-1090

By:   _____
      ROBYN N. PULLIO (RP 7777)