UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CAMILLO DOUGLAS and LUIS SORIANO,

                            Plaintiffs,

-against-

CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CORRECTIONS; GREGORY
MCLAUGHLIN, as Prison Warden of the Robert N.
Davoren Center, MARTIN F. HORN, as
Commissioner of the New York City Department of
Corrections; CORRECTION OFFICER JOSEPH
MASCIA (#17786), CORRECTION OFFICER
ALBERT MAYSONET (#18342), CORRECTION
OFFICER CHRIS DITOMMASO (#18026),
CAPTAINS JOHN DOE and RICHARD ROE
(names and number of whom are unknown at
present),

                            Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF CORRECTION OFFICER ALBERT MAYSONET**

JURY TRIAL DEMANDED

07 CV 8443 (GEL)

       Defendant Correction Officer Albert Maysonet, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows: [1]

       1. Denies the allegations set forth in paragraph "1" of the amended complaint, except admit that the plaintiffs purport to bring this action as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the amended complaint.

       3. Denies the allegations set forth in paragraph "3" of the amended complaint.

       4. Denies the allegations set forth in paragraph "4" of the amended complaint.

       5. Denies the allegations set forth in paragraph "5" of the amended complaint.

---

[1] Defendants the City of New York; Martin F. Horn, Commissioner of the New York City Department of Correction; Gregory McLaughlin, Prison Warden of the Robert N. Davoren Center; Correction Officer Joseph Mascia; and Correction Officer Christopher DiTommaso previously filed their answer to the Amended Complaint in this action on May 12, 2008.

1

6. Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that the plaintiffs purport to bring this action and invoke this Court's jurisdiction as stated therein.

7. Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that the plaintiffs purport to invoke this Court's jurisdiction as stated therein.

8. Denies the allegations set forth in paragraph "8" of the amended complaint, except admits that the plaintiffs purport that venue is proper as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the amended complaint, except admits that plaintiff Douglas was incarcerated at R.N.D.C. at Riker's Island on April 16, 2007.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the amended complaint, except admits that plaintiff Douglas was incarcerated at R.N.D.C. at Riker's Island on April 16, 2007.

11. Denies the allegations contained in paragraph "11" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a department of corrections which performs tasks including, but not limited to, incarcerating pre-trail detainees and holding inmates awaiting transfer to New York State correctional facilities.

12. Paragraph "12" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required.

13. Paragraph "13" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required, except admits that plaintiffs purport to name Mr. Horn in his official capacity.

14. Paragraph "14" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required, except admits that plaintiffs purport to name Mr. McLaughlin in his official capacity.

15. Denies the allegations contained in paragraph "15" of the amended complaint, except admits that Correction Officer Mascia (#17786) is employed by the City of New York as a correction officer and was assigned to the 4 Upper South "C" post at the Robert N. Davoren Center of the Rikers Island jail facility on April 16, 2007, and that plaintiffs purport to sue C.O. Mascia in his individual capacity.

16. Denies the allegations contained in paragraph "16" of the amended complaint, except admits that Correction Albert Maysonet (#18342) was employed by the City of New York as a correction officer and was assigned to the 4 Upper South "A" post at the Robert N. Davoren Center of the Rikers Island jail facility on April 16, 2007, and that plaintiffs purport to sue C.O. Maysonet in his individual capacity.

17. Denies the allegations contained in paragraph "17" of the amended complaint, except admits that Correction Christopher DiTommaso (#18026) is employed by the City of New York as a correction officer and was assigned to the 4 Upper South "B" post at the Robert N. Davoren Center of the Rikers Island jail facility on April 16, 2007, and that plaintiffs purport to sue C.O. DiTommaso in his individual capacity.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the amended complaint.

19. Denies the allegations contained in paragraph "19" of the amended complaint, except the allegation set forth in paragraph "19" of the amended complaint concerning whether the individual correction officer defendants were acting under color of state law constitutes a conclusion of law rather than an averment of fact, and, accordingly, no response is required.

20. Denies the allegations set forth in paragraph "20" of the amended complaint.

21. Denies the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the amended complaint.

23. Denies the truth of the allegations set forth in paragraph "23" of the amended complaint.

24. Denies the allegations set forth in paragraph "24" of the amended complaint, except admits that the New York City Office of the Comptroller received what purport to be notices of claim from plaintiff Douglas on or about April 30, 2007, and from plaintiff Soriano on or about May 30, 2007, and that no settlements have been reached.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the amended complaint, except admits that plaintiff Douglas was an inmate at the Robert N. Davoren Center on Rikers Island on April 16, 2007.

28. Admits the truth of the allegations set forth in paragraph "28" of the amended complaint.

29. Admits the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Denies the allegations set forth in paragraph "30" of the amended complaint, except admits that on January 25, 2007, the Appellate Division, First Department reversed plaintiff Soriano's conviction and remanded the matter for a new trial, and that plaintiff Soriano was an inmate at the Robert N. Davoren Center on Rikers Island on April 16, 2007.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the amended complaint, except admits that plaintiff Soriano was sentenced to a term of three to six years on Bronx County, N.Y., Supreme Court indictment number 65/01.

32. Denies the allegations set forth in paragraph "32" of the amended complaint, except admits that plaintiffs Douglas and Soriano were inmates at the Robert N. Davoren Center on Rikers Island on April 16, 2007.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the amended complaint, except admits that there were approximately three porters in 4 Upper South at the Robert N. Davoren Center on Rikers Island during evening lock-in.

35. Denies the allegations set forth in paragraph "35" of the amended complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the amended complaint.

37. Denies the allegations set forth in paragraph "37" of the amended complaint.

38. Denies the allegations set forth in paragraph "38" of the amended complaint.

39. Denies the allegations set forth in paragraph "39" of the amended complaint.

40. Denies the allegations set forth in paragraph "40" of the amended complaint, except admits that plaintiff Douglas was struck by other inmates with broken broom handles in the Dayroom. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40"of the amended complaint regarding plaintiff Douglas's alleged injuries.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the amended complaint, except admits that plaintiff Soriano was present in the Dayroom.

42. Denies the allegations set forth in paragraph "42" of the amended complaint, except admits that plaintiff Soriano was struck by other inmates with broken broom handles in the Dayroom. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the amended complaint regarding plaintiff Soriano's alleged injuries.

43. Denies the allegations set forth in paragraph "43" of the amended complaint.

44. Denies the allegations set forth in paragraph "44" of the amended complaint, except admits that a Probe Team arrived, applied flex cuffs to inmates involved in the incident and escorted said inmates out of the area.

45. Denies the allegations set forth in paragraph "45" of the amended complaint.

46. In response to the allegations set forth in paragraph "46" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the amended complaint.

48. In response to the allegations set forth in paragraph "48" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the amended complaint.

50. In response to the allegations set forth in paragraph "50" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the amended complaint.

52. Denies the allegations set forth in paragraph "52" of the amended complaint and all subparts thereof.

53. Denies the allegations set forth in paragraph "53" of the amended complaint.

54. Denies the allegations set forth in paragraph "54" of the amended complaint.

55. Denies the allegations set forth in paragraph "55" of the amended complaint.

56. Denies the allegations set forth in paragraph "56" of the amended complaint.

57. Denies the allegations set forth in paragraph "57" of the amended complaint.

58. Paragraph "58" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required.

59. Denies the allegations set forth in paragraph "59" of the amended complaint.

60. Denies the allegations set forth in paragraph "60" of the amended complaint.

61. Denies the allegations set forth in paragraph "61" of the amended complaint.

62. Paragraph "62" sets forth conclusions of law rather than an averment of fact, and, accordingly, no response is required.

63. In response to the allegations set forth in paragraph "63" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the amended complaint.

65. Denies the allegations set forth in paragraph "65" of the amended complaint.

66. Denies the allegations set forth in paragraph "66" of the amended complaint, except admits that the plaintiffs purport to invoke this Court's jurisdiction as stated therein.

67. Denies the allegations set forth in paragraph "67" of the amended complaint, except admits that the plaintiffs purport to demand a trial by jury as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68. The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

69. Defendants City of New York, Martin F. Horn, Gregory McLaughlin, Joseph Mascia, Christopher DiTommaso and Albert Maysonet have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or that of third parties and was not the proximate result of any act of the Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. At all times relevant to the acts alleged in the amended complaint, Defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72. Punitive damages cannot be recovered from the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73. Plaintiffs' claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74. Plaintiffs have not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75. The individual defendants, Martin F. Horn, Gregory McLaughlin, Joseph Mascia Christopher DiTommaso, and Albert Maysonet, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

76. At all times relevant to the acts alleged in the amended complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

77. The New York City Department of Corrections is not a suable entity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

78. Commissioner Martin F. Horn had no personal involvement in the underlying incident.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

79. Prison Warden Gregory McLaughlin had no personal involvement in the underlying incident.

### AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE:

80. Correction Officer Christopher DiTommaso had no personal involvement in the underlying incident.

**WHEREFORE,** defendant Correction Officer Albert Maysonet requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 2, 2008

          MICHAEL A. CARDOZO
            Corporation Counsel of
            the City of New York
          Attorney for defendants
            City of New York,
            Commissioner Martin F. Horn,
            Prison Warden Gregory McLaughlin,
            Correction Officer Joseph Mascia,
            Correction Officer Christopher DiTommaso,
            and Correction Officer Albert Maysonet
          100 Church Street
          New York, New York 10007
          (212) 788-1090

By: _____
     ROBYN N. PULLIO (RP 7777)

cc:   BY ECF
      Julia P. Kuan, Esq.
      Anthony Cecutti, Esq.
      Romano & Kuan, PLLC
      Attorneys for Plaintiffs
      100 Lafayette Street, Suite 401
      New York, New York 10013